STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRY ROSE,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0324**  (BOR Appeal No. 2047704)
                         (Claim No. 2009077446)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Terry Rose, by Jonathan Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2013, in which the Board affirmed a September 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 2, 2011, decision granting Mr. Rose a 3% permanent partial disability award, and instead granted him a 4% permanent partial disability award for psychiatric impairment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rose sustained injuries in the course of his employment on January 22, 2009, resulting in blindness in his right eye and a lumbar spine injury requiring surgical intervention. On January 3, 2011, Susanne Choby, M.D., performed a psychiatric independent medical evaluation and diagnosed Mr. Rose with anxiety disorder, not otherwise specified. She determined that non-occupational factors account for 5% of Mr. Rose's overall functional impairment, and concluded that he sustained 3% psychiatric whole person impairment as a result

1

of the January 22, 2009, injury. On February 2, 2011, the claims administrator granted Mr. Rose a 3% permanent partial disability award based on Dr. Choby's recommendation.

On November 18, 2011, Ahmed Faheem, M.D., performed a psychiatric independent medical evaluation. He diagnosed Mr. Rose with depressive disorder, not otherwise specified, and anxiety disorder, not otherwise specified, secondary to the January 22, 2009, compensable injury. He opined that Mr. Rose does have pre-existing health problems contributing to his overall psychiatric impairment, and stated that 10% psychiatric whole person impairment is directly attributable to the January 22, 2009, injury.

Bobby Miller, M.D., performed a psychiatric independent medical evaluation on April 9, 2012, and diagnosed Mr. Rose with adjustment disorder with mixed anxiety, depressed mood, and symptom magnification. He stated that without apportionment, Mr. Rose has 5% functional impairment. He then opined that non-work-related factors account for 30% of Mr. Rose's determined 5% functional impairment. He therefore concluded that Mr. Rose sustained 4% psychiatric whole person impairment attributable to the January 22, 2009, injury. Dr. Faheem issued a follow-up report in response to Dr. Miller's independent medical evaluation on May 10, 2012. He reiterated his prior conclusions and stated that he disagrees with Dr. Miller's assessment of symptom magnification.

In its Order reversing the claims administrator's February 2, 2011, decision, the Office of Judges held that the evidence of record demonstrates that Mr. Rose sustained 4% psychiatric whole person impairment as a result of his compensable injuries. Mr. Rose disputes this finding and asserts that he is entitled to a 10% psychiatric permanent partial disability award based on the opinion of Dr. Faheem.

The Office of Judges found that Dr. Miller is the only physician of record who administered testing aimed at detecting the presence of symptom magnification. The Office of Judges then found that Dr. Miller's report is the most persuasive report of record, and granted Mr. Rose an additional 1% permanent partial disability award based upon his conclusions. The Office of Judges found that Dr. Faheem, while acknowledging that he considered non-occupational factors when formulating his conclusions, failed to describe exactly how he apportioned for the non-compensable factors. Finally, the Office of Judges concluded that Dr. Faheem's follow-up report does not serve to fully rebut the conclusions expressed by Dr. Miller. The Board of Review reached the same reasoned conclusions in its decision of February 27, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** August 13, 2014

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman